UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lana Schulz and Richard Schulz,

        Plaintiffs,

v.                                                                     Civil No. 12-2147 (JNE/JSM)
                                                                   ORDER

Wells Fargo Bank, N.A.,

        Defendant.

This case was brought by Plaintiffs Lana Schulz and Richard Schulz ("the Schulzs") against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging wrongful foreclosure (Count I), violation of 12 U.S.C. § 2605 (Count II), false advertising in violation of Minnesota Statutes § 325F.67 (Count III), consumer fraud in violation of Minnesota Statutes § 325F.69 (Count IV), and promissory estoppel (Count V). Now before the Court is Wells Fargo's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

The Schulzs mortgaged their property in Rochester, Minnesota to Wachovia Mortgage, FSB ("Wachovia") in January 2008. Wachovia is now part of Wells Fargo.[1] In September 2011, the Schulzs sought to modify their loan through the Home Affordable Modification Program ("HAMP"). The Complaint alleges that Wells Fargo advised the Schulzs that to be eligible for a loan modification under HAMP, they had to stop making mortgage payments. The Schulzs assert that in reasonable reliance on that "advice," they stopped making mortgage payments.

---

[1] The Complaint and Plaintiffs' brief use "Wachovia" and "Wells Fargo" interchangeably. For the sake of simplicity, the Court will refer to these entities as "Wells Fargo."

In January 2011, Wells Fargo commenced foreclosure proceedings against the Schulzs and scheduled a Sheriff's sale. In September 2011, Wells Fargo informed the Schulzs that their mortgage was "currently being reviewed under HAMP." Later that month, Wells Fargo informed the Schulzs by letter that the foreclosure sale was being postponed to November 28, 2011.[2] Wells Fargo noticed the foreclosure through advertisements in the Stewartville Star from October 11, 2011 to November 28, 2011. In a letter postmarked November 14, 2011, Wells Fargo informed the Schulzs that their request for a loan modification was being denied. The Schulzs assert that they did not receive this November 14 letter until December 2, 2011. They did, however, learn during a phone conversation with Wells Fargo on November 21, 2011 that the Sheriff's sale was scheduled to occur on November 28. The Sheriff's sale occurred on November 28, as scheduled. The Complaint alleges that on December 5, 2011, the Schulzs called Wells Fargo and appealed the decision to deny the loan modification. Wells Fargo denied the appeal by letter dated February 15, 2012. The Complaint also alleges that the Minnesota Attorney General told the Schulzs that Wells Fargo intended to rescind the Sheriff's sale. The redemption period expired on May 28, 2012, and Wells Fargo commenced an eviction action against the Schulzs on July 26, 2012.

On July 30, 2012, the Schulzs filed the Complaint in this case in Olmsted County District Court, seeking to enjoin the eviction action that is currently pending in state court and for compensatory damages. Wells Fargo was served on July 31 and removed the action to federal court on August 30, 2012.

---

[2]   Plaintiffs allege that this letter was postmarked November 29, 2011, but that they never received it in the mail.

## II.   DISCUSSION

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff.  *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011).  Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The court "generally may not consider materials outside the pleadings," but "[i]t may . . . consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings."  *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir.2008) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)).

**A.  Equitable Relief**

There is currently an eviction action pending before the state district court.  The Complaint alleges that "Plaintiffs will suffer irreparable harm if they are forced to leave said premises by means of a pending eviction action, thus entitling them to equitable relief."  Compl. ¶ 29.  In their demand for relief, the Schulz request "injunctive relief preventing said eviction action for proceeding" and "for such other and further relief as the court may deem just and equitable."  *Id.* ¶ 41.  Section 2283 of Title 28 of the United States Code provides that "[a] court

of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Accordingly, any claims in which the requested relief is an injunction of the pending state court action must be dismissed.

**B. Wrongful Foreclosure (Count I)**

The primary thrust of Plaintiffs' claim is that the Sheriff's sale held on November 28, 2011 is invalid because Wells Fargo published the statutorily-required notices of foreclosure in the Stewartville Star. The Complaint makes the conclusory legal assertion that "[u]nder Minnesota law, said paper, which was used for all notices in this case, is not an appropriate legal publication for said notice." Compl. ¶ 14.

Minnesota Statutes § 580.03 requires six weeks' published notice of a foreclosure sale. The public notice must be published in a qualified newspaper "that is likely to give notice in the affected area or to whom it is directed." Minn. Stat. § 331A.03, subdiv. 1. A "qualified newspaper" is one which is "circulated in the political subdivision which it purports to serve." Minn. Stat. § 331A.02, subdiv. 1(d). "Political subdivision" means "a county, municipality, school district, or any other local political subdivision or local or area district, commission, board, or authority." *Id.* § 331A.01, subdiv. 3. The Minnesota Secretary of State publishes a list of qualified legal newspapers. *See* http://www.sos.state.mn.us/index.aspx?page=98. The Stewartville Star is one of the listed qualified legal newspapers in Olmsted County. Rochester, where the mortgaged property is located, is also in Olmsted County. The Complaint contains no facts to support the bald allegation that the Stewartville Star was not an appropriate legal publication for the notice of foreclosure.

4

Moreover, this claim brought after the expiration of the redemption period is an impermissible collateral attack. The property was sold on November 28, 2011, and the redemption period expired on May 28, 2012. *See* Minn. Stat. § 580.23 (providing a six-month redemption period). This lawsuit was not commenced until July 31, 2012. The Schulzs do not allege that the parties agreed to an extension of the redemption period, nor do they allege that the redemption period should be preserved pursuant to Minnesota Statutes § 580.28. "A claimed irregularity in foreclosure proceedings, asserted after the statutory redemption period, is an impermissible collateral attack." *Wittkowski v. PNC Mortg.*, Civil No. 11-1602, 2011 WL 5838517 (D. Minn. Nov. 18, 2011) (citing *Prior Lake State Bank v. Mahoney*, 216 N.W.2d 681 (Minn. 1974)). For both of the above reasons, Count I of the Complaint is dismissed.

**C. Violation of 12 U.S.C. § 2605 (Count II)**

At oral argument Plaintiffs agreed to dismiss this Count. Count II is therefore dismissed.

**D. False Statement in Advertising (Count III) and Consumer Fraud (Count V)**

The Complaint alleges that Wells Fargo advertises that it "promotes home ownership through innovative programs" and "assists homeowners with loan modifications." Plaintiffs contend that this advertising is false, in violation of the False Statement in Advertising Act (FSAA), Minn. Stat. § 325F.67, and that it also constitutes a violation of the Consumer Fraud Act (CFA), Minn. Stat. § 315F.69.

The FSAA and CFA do not provide a private cause of action. Private citizens may pursue claims under these statutes only through Minnesota's private attorney general statute. *See* Minn. Stat. § 8.31, subdiv. 3a. To state a claim under the private attorney general statute, a plaintiff must demonstrate that its "cause of action benefits the public." *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000). To determine whether a lawsuit is for the public benefit, courts

5

assess both the form of the alleged misrepresentation and the relief sought by the plaintiff. *In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d 1071, 1077 (D. Minn. 2010) (collecting cases). Where plaintiffs seek only damages, courts typically find no public benefit "even when plaintiffs are suing for injuries resulting from mass produced and mass marketed products." *Id.* Nonetheless, the lack, or inclusion, of a prayer for injunctive relief is not dispositive. *Id.*

The Schulz's have not pleaded—nor do they even purport to plead—a public benefit. The subject of this lawsuit is the foreclosure of the Schulzs home and the pending eviction action against them. The only relief requested is an injunction of the eviction action and damages allegedly resulting from the foreclosure. There is nothing in the Complaint to even suggest that the public benefit is involved. Recovery under Minnesota's private attorney general statute is not available under these circumstances. For that reason, the Schulz's FSAA and CFA claims are dismissed.

**E. Promissory Estoppel (Count IV)**

The Complaint alleges that it was "reasonably foreseeable to Wells Fargo that Plaintiffs would rely on its promises that, inter alia, Plaintiffs request for a loan modification was being properly considered and processed and that said Sheriff's sale would be rescinded." The Schulzs contend that they relied to their detriment on those alleged promises, and that as a result, they allowed the Sheriff's sale to occur and the redemption period to expire.

The Minnesota Credit Agreement Statute (MCAS) provides that "[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Minn. Stat. § 513.33, subdiv. 2. A "credit agreement" is "an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make

6

any other financial accommodation." *Id.*, subdiv. 1(1).  A loan modification constitutes a credit agreement.  *Tharaldson v. Ocwen Loan Servicing, LLC*, 840 F. Supp. 2d 1156, 1162 (D. Minn. 2011); *Myrlie v. Countrywide Bank*, 775 F. Supp. 2d 1100, 1109 (D. Minn. 2011); *Labrant v. Mtg. Elec. Registration Sys., Inc.*, Civil No. 11-3029 JRT/LIB, 2012 WL 1150879 (D. Minn. Apr. 6, 2012).

The Complaint fails to allege that there was any writing between the parties that the loan would be modified or the sale rescinded, both of which would constitute a "financial accommodation" covered by the statute.  *Cf. Brisbin v. Aurora Loan Servs., LLC*, 679 F.3d 748, 752-53 (8th Cir. 2012) (holding that a promise to postpone a foreclosure sale is a "credit agreement" within the meaning of the statute).  The MCAS prohibits the enforcement of this type of oral agreement, even under the theory of promissory estoppel.  *See BankCherokee v. Insignia Dev., LLC*, 779 N.W.2d 896, 903 (Minn. Ct. App. 2010) ("[A]n oral promise that constitutes a 'credit agreement' under section 513.33 cannot be enforced under a theory of promissory estoppel.").

Even if promissory estoppel were available, to state a claim for promissory estoppel, the Complaint must allege that: (1) a clear and definite promise was made; (2) the promisor intended to induce reliance and the promisee in fact relied to his or her detriment; and (3) the promise must be enforced to prevent injustice.  *Martens v. Minn. Min. & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000).  The Complaint contains no allegation of a "clear and definite promise."  Regarding rescission of the Sheriff's sale, the Complaint alleges only that "the Minnesota Attorney General advised Plaintiffs that Wells Fargo Home Mortgage intended to rescind the Sheriff's sale."  Compl. ¶ 24.  There is no factual allegation that Wells Fargo ever made any promise to rescind the sale.  The Complaint also fails to allege that Wells Fargo made any

promise to modify the Schulzs' loan agreement. The statements that the Schulzs' mortgage was "currently being reviewed under HAMP," *id.* ¶ 12, that Wells Fargo was "very close to achieving a loan modification," *id.* ¶ 16, and that Wells Fargo allegedly requested additional time to review the case, *id.* ¶ 25, do not constitute clear and definite promises that Wells Fargo would enter into a loan modification agreement. The Complaint asserts that Wells Fargo promised that the Schulzs' "request for a loan modification was being properly considered and processed." *Id.* ¶ 37. But the Complaint itself acknowledges that the request was, in fact, considered—and ultimately denied. *Id.* ¶ 18. The absence of any allegation of a clear and definite promise provides another reason why this claim must be dismissed.[3]

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wells Fargo's Motion to Dismiss [Docket No. 3] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 17, 2012

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[3] At oral argument, Plaintiffs for the first time made vague passing reference to amending the Complaint. At no point did they indicate a desire to actually do so. There is no motion to amend before the Court. *See* D. Minn. LR 15.1. Moreover, for many of the reasons explained above, the defects in this Complaint are not likely curable by amendment. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) ("Futility is a valid basis for denying leave to amend.").